**Supreme Court**
No. 2025-307-M.P.

In the Matter of Joseph Molina    :
       Flynn, Esq.            :

**O R D E R**

On October 6, 2025, the Court's Chief Disciplinary Counsel filed an Emergency Petition for Immediate Interim Suspension and for the Appointment of Disciplinary Counsel as Special Master pursuant to Article III, Rule 5(b)(6) of the Supreme Court Rules of Disciplinary Procedure, seeking to suspend the respondent, Joseph Molina Flynn's, license to practice law in the State of Rhode Island on a temporary basis.

After consideration of the Emergency Petition and respondent's response thereto, the Court issued an order dated October 7, 2025, suspending respondent from the practice of law in this state on a temporary basis, effective immediately and until further order of this Court.

Chief Disciplinary Counsel's Emergency Petition and respondent's response thereto were further considered by the full Court at our conference on October 9, 2025.

After the Court's consideration, it is hereby ordered:

1. On or about May 12, 2025, Chief Disciplinary Counsel filed a Petition for Discipline against respondent involving twelve (12) former clients alleging, *inter alia*, that respondent took legal fees from clients, performed little or no services, neglected client files, misappropriated client funds, co-mingled client funds, was uncooperative with the reasonable requests of Disciplinary Counsel during the investigation into the disciplinary complaints, and made misrepresentations to Disciplinary Counsel. Disciplinary Counsel requested that respondent provide assurances that he was safeguarding funds paid to him by his clients. The respondent has not complied with Disciplinary Counsel's repeated request for assurances that respondent is properly safeguarding his clients' funds.

2. In continued furtherance of protecting the public and maintaining the integrity of the legal profession, respondent's suspension from the practice of law in this state on an emergency temporary basis remains in full force and effect, until further order of this Court.

3. The Court fully recognizes respondent's presumption of innocence in any pending criminal investigation.

4. Effective immediately and until further order of this Court, Chief Disciplinary Counsel remains appointed as temporary Special Master and is hereby authorized to take possession of respondent's client files to inventory same and to

take whatever steps deemed necessary to protect the clients' interests, including but not limited to returning the files to the clients or new counsel of each client's choice. Chief Disciplinary Counsel as temporary Special Master is hereby authorized to have full, unfettered access to respondent's law office and files in order to carry out her duties, and respondent is ordered to fully cooperate in providing her and her agents with this access.

5.      The respondent is further ordered to fully cooperate with Chief Disciplinary Counsel as temporary Special Master in transferring his client files and accounts.

6.      The respondent shall also comply with the mandate of Article III, Rule 15 within **ten (10) days** of the date of this Order.

7.      Regarding respondent's banking accounts, Chief Disciplinary Counsel as Special Master continues to be given sole and exclusive access to the following accounts heretofore controlled by respondent, either solely or jointly: business and operating accounts; trust accounts, including special trust accounts; clients' accounts; estate accounts; and, any and all other accounts related to respondent's law practice that he uses presently or has in the past utilized for the deposit and maintenance of fiduciary and/or clients' funds and fee advances. The foregoing list of accounts shall also include any accounts where respondent serves as an agent, special agent, trustee, personal representative, executor, power of attorney, or

custodian. The Special Master shall have sole control over these above-described accounts, to the exclusion of respondent and his agents, until further order of this Court. By this Order, the Court prohibits respondent or any of his agents from withdrawing or transferring funds from the aforementioned accounts.

8. Disciplinary Counsel shall file a status report with the Court within *thirty (30) days* of the date of this Order.

9. Should respondent fail to fully cooperate with the requirements set forth above, his failure to comply shall be brought back before this Court for further proceedings.

Entered as an Order of this Court this 16th day of *October 2025*.

By Order,

/s/ *Meredith A. Benoit*
Clerk



# STATE OF RHODE ISLAND

## SUPREME COURT – CLERK'S OFFICE
Licht Judicial Complex
250 Benefit Street
Providence, RI  02903

## ORDER COVER SHEET

| | | |
|---|---|---|
| **Title of Case** | In the Matter of Joseph Molina Flynn, Esq. | |
| **Case Number** | No. 2025-307-M.P. | |
| **Date Order Filed** | October 16, 2025 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, Lynch Prata, and Long, JJ. | |
| **Source of Appeal** | N/A | |
| **Judicial Officer from Lower Court** | N/A | |
| **Attorney(s) on Appeal** | For Petitioner:<br><br>Kimberly Brissette Brown, Esq.<br>Office of Disciplinary Counsel | |
| | For Respondent:<br><br>Holly Rao, Esq. | |